JOHN BEATTIE *v.* THOMAS LARKIN. (*a*)

When, in an action in one of the district or justices' courts, it appears on the trial that both plaintiff and defendant reside in the city of New York, but neither of them within the district for which the justice's court is held; it is the duty of the justice to dismiss the action.

Under such circumstances, he has no authority to render judgment, and if he does so, it is declared void by express statute.

A defendant, by appearing and pleading to the merits, does not waive *this* objection, the statute being inflexible and unqualified in requiring the justice to dismiss the action when the fact appears.

In general such an appearance and plea to the merits gives jurisdiction, and waives all defects in the summons and in the service thereof.

Whether a defendant would be permitted to impeach such a judgment, if he submits to the jurisdiction, and neither by plea nor otherwise brings the fact of non-residence before the justice; *quere?*

APPEAL by the defendant, upon the facts stated in the opinion which follows, from a judgment of the Second District Court, in favor of the plaintiff.

*George Carpenter,* for the appellant.

*Nathan A. Chedsey,* for the respondent.

---

(*a*) See *Snyder* v. *Goodrich, ante,* p. 84.

By the Court. Woodruff, J.—This court, in *Lighter* v. *Haskins,* general term, November, 1851, and *Andrews* v. *Thorp,* general term, November, 1852, (1 E. D. Smith's C. P. R. 615,) held, in conformity with what we deemed the settled law of this state, that an appearance by a defendant before the justice, and pleading to the merits, waived all defects in the form of the summons, and all irregularities therein or in the service thereof; and that, although the defects in the summons or service be such, that by *virtue thereof* the court below obtained no jurisdiction of the cause, yet an appearance and pleading to the merits was tantamount to a voluntary appearance, which would give jurisdiction *of the person,* even if *no summons* had been issued; and that it is in general true that a plea in bar is a waiver of defects, which are properly only pleadable in abatement. (*a*)

In the present case the action was commenced before the justice's court for the second judicial district, by the ordinary summons. On the appearance of the parties the plaintiff complained for work and labor, and the defendant answered by a general denial, and other matter going only to the merits.

Upon the cross-examination of the plaintiff's witnesses, it appeared (without any objection by the plaintiff to the testimony) that both the plaintiff and defendant resided out of the district for which the court is held, and the defendant thereupon moved for a dismissal of the complaint, or a nonsuit, upon the ground that the justice had no jurisdiction, which motion the justice denied, and rendered judgment for the plaintiff.

The statute (2 Revised Laws, p. 372, § 103) upon which the motion below was founded, and which is relied upon on the appeal, provides, so far as is material to this case, that every action shall be commenced and prosecuted before the assistant justice in the ward in which either the plaintiff or the defendant resides; and every such assistant justice " is

---

(*a*) See, also, *Robinson* v. *West,* 1 Sandf. Sup. Ct. R. 19.

hereby directed and required to dismiss every action brought before him contrary to the provisions of this section, with costs of suit, to be paid by the plaintiff in the same manner as if he were nonsuited on the merits; and every judgment that may be obtained or procured contrary to the true intent and meaning of this section, shall be *utterly void.*" On the change of the name of these courts, (Act of March 30, 1848, and further act of 1852,) this statute was continued in force.

This statute appears to me to have introduced a new rule, applicable to the particular case specified, and to which the decision in the cases above cited does not apply. The statute is peremptory, and directs the justice to dismiss the action if brought before him. I think he would be warranted in doing so in any stage of the cause; and whether the facts are pleaded or not. Whenever and however the non-residence of the parties is made to appear, it declares that his judgment shall be utterly void. If utterly void, the neglect of the defendant to set up the objection in his answer cannot, I think, if the facts are made to appear, give it legal effect. A judgment that is utterly void may be treated as a nullity.

There may be doubt how far a defendant will be permitted to impeach such a judgment, if he submits to the jurisdiction, and neither by plea nor otherwise brings the fact of non-residence before the justice; but it is not necessary for us to discuss that question. When the fact of non-residence does appear, and the defendant calls upon the justice to take notice of it, the peremptory and inflexible words of the statute seem to me to require him to dismiss the action. The judgment must, I think, be reversed.

Judgment reversed.